RTC v. Glachman                                    CV-95-29-SD    09/26/95

UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE


The Resolution Trust Corporation

              v.                                Civil No. 95-29-SD

Donald Glachman, et al


                              O R D E R


     Plaintiff The Resolution Trust Corporation (RTC) moves to

compel the production of certain documents.  Document 17.

Defendant objects.  Document 19.  By medium of assented-to

motion, plaintiff has filed its response to said objection.

Document 22.


1.  Background

     In early June 1995 plaintiff served its first request for

production of documents on defendants.  Exhibit A to Document 17.

In an unexecuted draft response[1] (Exhibit B to Document 17),

defendants claimed for the most part that the documents could not

be produced because they had either been subpoenaed by (¶¶ 3, 4,

---

     [1]Although the response was sent to counsel for RTC, it was
not executed because defendants' pro hac vice counsel, Attorney
Rothman, claimed that he necessarily had to procure the signature
to the response from local counsel.

5 of Exhibit B to Document 17) or "delivered to" the Federal Bureau of Investigation (FBI) (¶¶ 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 41, 42, 43, 44, 45, 46, 47 of Exhibit B to Document 17), and therefore were not considered by defendants to be in the defendants' custody, control, or possession.  Id.

In defendants' memo of August 21, 1995, which is attached to their objection to the instant motion, Attorney Rothman avers that he "never stated that the records were obtained by the FBI nor the RTC pursuant to a subpoena."  Memo attached to Document 19, at 3.  This statement is in direct contradiction to paragraphs 3, 4, and 5 of Exhibit B to Document 17.

In addition, by medium of affidavit of August 14, 1995, defendant Richard Glachman states that the FBI took all of the sought records without subpoena from his personal office at 801 Axxin Avenue, Garden City, New York.  Affidavit of Richard Glachman attached to Document 19, at 1, 2.  His affidavit further states that FBI Agent Henry Gittleman notified Glachman's personal attorney in early 1995 that all the records that had been taken from 801 Axxin Avenue would be released and that Glachman's office should arrange to have them sent to Florida or wherever defendant desired.  Id. at 2.  The affidavit adds that

2

in response thereto at least fourteen telephone calls were directed to Gittleman, which went unanswered. Id. at 2.

Attorney Rothman also attached his affidavit of August 18, 1995, to the defendants' objection. Therein he claims that he spoke with Agent Gittleman by telephone on August 18, 1995, and that Gittleman advised that the records sought were in possession of the FBI and could be delivered upon the approval of Assistant United States Attorney Martin Coffee. Affidavit of Jessel Rothman attached to Document 19, at 1. The Rothman affidavit further details a telephone conversation with Assistant United States Attorney Coffee on August 18, 1995, wherein Coffee allegedly told Rothman that 80 percent of his file was sent to RTC. Id. at 2. The affidavit concludes that, based on his discussion with AUSA Coffee, Rothman believes RTC has received approximately 90 percent of the documents requested. Id. at 2.

RTC has attached to its response to defendants' objection an affidavit executed on August 22, 1995, by Agent Gittleman. Affidavit of Agent Gittleman attached to Document 22. Gittleman states therein that at no time between March 1991 and November 1991, nor forward from January 1993 to date, has he or, to the best of his knowledge, any other FBI agent obtained any documents from the 801 Axxin Avenue address. Affidavit of Henry Gittleman attached to Document 22, at 1, 2. The affidavit further states

3

that in October 1991 Agent Gittleman obtained approximately 40 boxes of documents from a garage in Baldwin, New York, to which he had been directed by one Donald Fugere, who identified himself as a former employee of Richard Glachman's professional corporation.  Id.  The Gittleman affidavit concludes by stating that Gittleman never has discussed with Glachman's attorney any records taken by the FBI from the Axxin Avenue address.  Id. at 2.

2.  Discussion

Resolution of the issues here presented requires application of Rule 37, Fed. R. Civ. P., which provides "a mechanism for addressing failures to cooperate in discovery."  United States v. One 1987 BMW 325, 985 F.2d 655, 660 (1st Cir. 1993).[2]  It is to be read in conjunction with Rule 34, Fed. R. Civ. P.,[3] which "authorizes the broadest sweep of access, inspection, examination, testing, copying, and photographing of documents or objects in the possession or control of another party."  8A

---

[2]Entitled "Failure to Make Disclosure or Cooperate in Discovery: Sanctions", Rule 37 contains numerous provisions to compel discovery by medium of application for order to the court in which the action is pending.  Id., Rule 37(a)(1).

[3]Entitled "Production of Documents and Things and Entry Upon Land for Inspection and Other Purposes", Rule 34 sets forth the procedures by which parties may request and procure documents and other discovery items.

4

WRIGHT, MARCUS & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2206, at 379 (West 1994).

The initial suggestion made by defendants was to the effect that the FBI had the documents sought by plaintiff, some of which had been subpoenaed.  The subsequent affidavit of Mr. Glachman contends that he never claimed that the documents were subpoenaed, but they were seized from the Axxin Avenue address without subpoena.  The affidavit of Attorney Rothman suggests that the documents sought were turned over by Agent Gittleman to AUSA Coffee and in turn sent to RTC.

These claims are demonstrably deprived of credence by Agent Gittleman's affidavit, wherein he states that no documents were taken from the Axxin Avenue address, nor was there any conversation with any attorney to the contrary.  In light of the circumstances here presented, the motion to compel is granted. Defendants are to forward the documents detailed in plaintiff's first request for production to plaintiff's counsel within twenty (20) days of the date of this order.

The court further finds and rules that defendants shall have twenty (20) days from the date of this order in which to show the court, by written brief, that circumstances surrounding their failure to timely respond to plaintiff's discovery requests make an otherwise mandatory award of expenses unjust.  See Rule

5

37(a)(4)(A), Fed. R. Civ. P.[4]

3. Conclusion

For the reasons hereinabove set forth, the motion to compel is granted, and defendants are to turn over the documents requested within twenty (20) days of the date of this order. Defendants are also allowed twenty (20) days in which to file their brief contesting the application of an award of expenses to the plaintiffs.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

September 26, 1995

_____

[4]The issuance of costs upon granting a motion to compel is expressed in the rule in mandatory terms.

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that . . . the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Rule 37(a)(4)(A), Fed. R. Civ. P.

cc:  H. Jonathan Meyer, Esq.
     Robert E. Hirshon, Esq.
     Jessel Rothman, Esq.
     James P. Bassett, Esq.